## In re Mortgage Pool No. 1

*Albert C. Hirsch,* for petitioner.

*Arthur L. McLaughlin, Jr.,* for pool.

*Harry Rubin, M. D. Wedner,* and *O. H. Friedman,* for brokers.

TRIMBLE, P. J., February 8, 1946.—The question to be answered here is the division of brokerage fees for the sale of land held in trust.

There were three written agreements entered into by the trustee with purchasers and hand money paid before the date fixed for sale, and each agreement could be revoked upon the acceptance of a new contract for a greater sum. John McConaha entered into the first contract for $40,000, paid $1,000 cash when he signed the agreement, and agreed to pay $7,000 cash on delivery of the deed and the balance of $32,000 by mortgage. Robert Velaise entered into the second contract for $45,000, paid $1,000 cash when he signed the agreement, and agreed to pay $8,000 additional on delivery of the deed and the balance with a mortgage. The third contract was made with Gabriel G. Rubin for the payment of $46,000. He paid $1,000 cash and agreed to pay the balance, part in cash and part with a mortgage.

A petition was presented to the court on February 6th at 11 a.m., the time fixed by advertisement for the sale of the property. Bids were taken in court and the property was ordered to be sold to H. J. Shapiro, the highest bidder. His bid was $61,000 with $16,000 in

cash and the balance secured by a mortgage payable in instalments, with the right to anticipate the payment of all the principal. He had no written contract prior to the time of sale but immediately thereafter signed the contract and paid the cash required and further agreed to secure the balance of the purchase money with a mortgage payable in instalments. His broker was represented prior to the time fixed for settlement under the contract and procured the agreement of sale.

There were four bidders at the sale and all of them claim a share of the commissions authorized to be paid in such cases under the Act of July 2, 1941, P. L. 227, an amendment to section 9 of the Orphans' Court Act of June 7, 1917, P. L. 363. This act provides that, when agreements of sale of real estate of a decedent or any other real estate held in trust are entered into in good faith, the payment of commissions (not exceeding five percent) to a real estate broker, or brokers in the event that more than one is entitled to commissions for said agreements of sale, shall be equally divided between or among such real estate brokers. In this case there were three contracts made through brokers before the sale to Shapiro and it was through the 'efforts of all four bidders that the excess of $21,000 over the price offered in the first agreement was obtained. These four brokers all come within the provisions of the act. There is no doubt that the trustee had made diligent efforts to sell and was aided by the brokers. They all became competitive bidders at the time fixed for sale. Mr. Friedman's client, H. J. Shapiro, was the successful bidder. There is no reason to discriminate among them and, consequently, the division of the brokers' fees of $3,050 shall be as follows: one fourth to Louis Symons, the broker for John McConaha; one fourth to the Dawson Real Estate Company, the broker for Robert Velaise; one fourth to Harry Rubin, the broker for Gabriel G. Rubin, and one fourth to O. Hicks Friedman, the broker for H. J. Shapiro.